# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TANGWA A. NEMBO,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **WALMART STORES EAST LP,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Tangwa A. Nembo (hereinafter "Mr. Nembo" or "Plaintiff") is a resident of the State of Delaware residing at 351 Windrow Way, Magnolia, Delaware 19962.

2. Walmart Stores East LP (hereinafter "Wal-Mart" or "Defendant") is a Delaware entity whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

3. Wal-Mart is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII").

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §12117(a), and by 28 U.S.C. §1343.

5. Plaintiff, a black male, is originally from Cameroon, Africa.

6. Plaintiff brings this action to redress the wrongs done to him by Defendant's discrimination against him on the basis of his race and national origin.

7. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. Wal-Mart is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Wal-Mart.

9. Mr. Nembo timely submitted a complaint of discrimination on the basis of race and national origin to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

10. Mr. Nembo has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

11. Mr. Nembo has timely filed this Complaint within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

12. Mr. Nembo was hired by Wal-Mart on January 13, 2020, as a Process Engineer for its fulfillment center located at 100 Way, Smyrna, Delaware 19977.

13. At all times relevant to this Complaint, Mr. Nembo was qualified for his job position and performed his job duties in a fashion similar to his colleagues.

14. Starting from his second day on the job, Mr. Nembo noticed a distinct difference in the treatment he was receiving from his Caucasian American supervisors and the other Process Engineers at the fulfillment center.

15. In April 2020, a breakdown in communication formed between Mr. Nembo and his direct supervisor, Ms. Stacie Sumerau (hereinafter, "Ms. Sumerau"), Senior Site Engineer, Caucasian American, occurred regarding the completion of tasks assigned to Mr. Nembo, resulting in a "Step 1" Disciplinary Action being logged against Mr. Nembo.

16. Mr. Nembo had noticed a pattern of behavior direct towards him by Ms. Sumerau, of bullying and discrimination as compared to the other Process Engineers, not of black African descent.

17. Ms. Sumerau was overly critical of Mr. Nembo's work, would fail to respond to his messages in a timely fashion, and would approve of his data sets only to later claim that his work was submitted late or to place the blame at his feet when her supervisors' noted mistakes in the data sets she approved.

18. Aware of the issues he was having with Ms. Sumerau, and fearing for the security of his employment, Mr. Nembo sought the remedies available to him,

3

including meeting with Ms. Sumerau directly, discussing the issues with the onsite Human Resources Team, and meeting with the General Manager.

19. On May 12, 2020, after no meaningful solution nor change in Ms. Sumerau's treatment of Mr. Nembo resulted from his initial efforts, Mr. Nembo contacted Mr. Greg Smith, Wal-Mart's Executive Vice President of Supply Chain, for guidance.

20. Later that same day, Mr. Smith assured Mr. Nembo that an investigation would be undertaken to address his concerns.

21. On June 2, 2020, a "Step 2" Disciplinary Action was issued from Ms. Sumerau regarding the job performance of Mr. Nembo, citing that he had failed to complete a Hazard Risk Analysis. This is a task that no other Process Engineer was required to complete with a hard deadline. At the time of this Disciplinary Action, few of the other Process Engineers had completed the Hazard Risk Analysis. Regardless, Mr. Nembo was the only one issued a Disciplinary Action.

22. On July 2, 2020, a "Step 3" Disciplinary Action was issued from Ms. Sumerau regarding Mr. Nembo's job performance. This time Ms. Sumerau alleged that Mr. Nembo had failed to complete the items listed on the "Step 2" Disciplinary Action, despite Mr. Nembo providing proof of the items' completion prior to July 2, 2020.

23. On July 30, 2020, a "Step 4" Disciplinary Action was issued from Ms. Sumerau regarding Mr. Nembo's job performance and as a result, Mr. Nembo's employment was terminated, effective August 5, 2020.

24. None of the similarly situated non-black African employees had their work scrutinized so thoroughly and without proper review for accuracy by the supervisor, Ms. Sumerau. Moreover, similarly situated non-black African employees were not reprimanded nor terminated as a result of inaccurate data being submitted or for failing to timely complete the Hazard Risk Analysis.

25. Further, Mr. Jeremy Cross, a Caucasian American, Process Engineer was not scrutinized nor disciplined like Mr. Nembo, despite similarly needing additional guidance and support from Ms. Sumerau.

26. The reasons proffered by Defendant for Plaintiff's termination were pretextual and intended to mask the true reason for Defendant's actions, i.e., discrimination against Plaintiff on the basis of his race and national origin, and was in clear violation of the protections afforded Plaintiff under Title VII, and 42 U.S.C. §1981.

27. The wrongful acts committed by Wal-Mart and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

28. Wal-Mart has wrongfully discriminated against Plaintiff on the basis of his race and national origin, treating him differently from similarly situated Caucasian American Process Engineer employees.

29. As a direct result of the unlawful actions of Wal-Mart, Mr. Nembo has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I – TITLE VII

30. Mr. Nembo restates and hereby incorporates by reference paragraphs 1 through 29 hereinabove.

31. By committing the aforementioned acts, including terminating Plaintiff, Wal-Mart has discriminated against Plaintiff based on his race and national origin in violation of 42 U.S.C. §2000e, *et seq*.

32. As a direct result of the discriminatory conduct of Wal-Mart and its agents, Mr. Nembo suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Mr. Nembo demands judgment against Wal-Mart for:

    (a)    Back pay, including interest;

    (b)    Reinstatement, if feasible, or, in the alternative, front pay;

    (c)    Compensatory damages, including damages for emotional and

physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (d)    Punitive damages;

    (e)    Pre-judgment and post-judgment interest;

    (f)    Attorney's fees and costs and;

    (g)    Any other relief, whether legal or equitable, that the Court deems just and appropriate.

## COUNT II – 42 U.S.C. §1981

33. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 32 hereinabove.

34. By committing the aforementioned acts, including terminating Plaintiff, Defendant has discriminated against Plaintiff based on his race and national origin, in violation of 42 U.S.C. §1981.

35. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, for:

    (a)    Back pay, including interest;

    (b)    Reinstatement, if feasible, or in the alternative, front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees; and

(g) Any other relief whether legal or equitable, that this Court deems just and appropriate.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. LOUDER STUART, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 10/21/21